## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Mark Raymond Harper and<br>Janice Louise Harper,<br><br>Debtors. | C/A No. 12-04444-dd<br><br>Adv. Pro. No. 12-80232-dd<br><br>Chapter 7 |
| FIA Card Services, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>Janice Louise Harper,<br><br>Defendant. | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on a motion for summary judgment filed by the defendant, Janice Louise Harper ("Defendant"), on March 19, 2013. The plaintiff, FIA Card Services, N.A. ("Plaintiff"), responded in opposition. The Court held a hearing on April 8, 2013, at which the Court directed the parties to submit additional briefing. The parties provided the additional briefing on April 18, 2013.

## **FACTS**

Plaintiff filed this adversary seeking a determination that a debt Defendant owes to it is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).[1] Plaintiff asserts it extended credit to Defendant based on representations Defendant intended to repay the debt she incurred. Plaintiff alleges Defendant had no intent to repay Plaintiff when she incurred retail charges in the amount

---

[1] Title 11, section 523(a)(2)(A) of the United States Code excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

of $3,331 between April 3, 2012 and April 25, 2012, on a credit line extended by Defendant. Plaintiff also alleges Defendant engaged in credit card kiting.

Defendant answered and counterclaimed for attorney's fees under Federal Rule of Bankruptcy Procedure 9011(c). Subsequently, Defendant moved for summary judgment on two grounds. First, she asserts the account statement attached to the complaint contradicts Plaintiff's allegations in the complaint. Second, Defendant argues Plaintiff did not timely to respond to her requests for admission, and the requests deemed admitted as a result establish a basis for granting summary judgment.

## ANALYSIS

Applying the standard set forth in Federal Rule of Civil Procedure 56, made applicable by Bankruptcy Rule 7056, and the Supreme Court's decisions in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), Defendant's motion for summary judgment is denied.

In her motion for summary judgment, Defendant relies on requests for admission that she asserts are deemed admitted because Plaintiff did not timely respond to the requests. Federal Rule of Civil Procedure 36, made applicable by Bankruptcy Rule 7036, permits a party to serve requests to admit on another party. Rule 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(b) provides that "a matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." A court may permit withdrawal or amendment "[1] if it would promote the presentation of the

merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(c).

Defendant served requests for admission on Plaintiff's counsel by letter dated January 3, 2012. Plaintiff served responses to the requests for admission on March 7, 2013. Because Plaintiff did not respond within 30 days of being served with the requests for admission, the requests are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). Nonetheless, this Court has discretion to allow Plaintiff's untimely response and not deem the requests for admission as admitted. *See Nguyen v. CNA Corp.*, 44 F.3d 234, 242-43 (4th Cir. 1995); *MetPath, Inc. v. Modern Medicine*, No. 90-2234, 1991 WL 87534, at *2 (4th Cir. May 29, 1991). When considering whether to allow untimely responses, courts sometimes treat the late responses to requests for admission as the equivalent of a motion to withdraw or amend under Rule 36(b). *See Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312-13 (8th Cir. 1983); *see also Bailey v. Christian Broad. Network*, 483 Fed. Appx. 808, 810 (4th Cir. 2012) (per curiam) ("Reliance on an erroneous legal premise and failure to consider the Rule 36(b) factors in ruling on a motion to file [responses to requests for admission] out of time constitutes an abuse of discretion."); *MetPath, Inc*, 1991 WL 87534, at *2 (discussing the Eighth Circuit's decision in *Gutting*).

Applying the first prong of the Rule 36(b) test, the Court finds that permitting the withdrawal of Plaintiff's admissions will promote the presentation of the merits of this case. Even if deemed admitted, the requests for admission served on Plaintiff do not establish that summary judgment should be granted with respect to Plaintiff's entire 11 U.S.C. § 523(a)(2)(A) claim. Many of the requests for admission are directed at the presumptions that arise under section 523(a)(2)(C). However, regardless of whether these presumptions arise, Plaintiff alleges in the complaint that Defendant did not intend to repay the debt she incurred on the line of credit

Plaintiff extended, and none of the requests for admission establish this issue in Defendant's favor such that she would be entitled to summary judgment. Given that the requests for admission do not provide a basis for granting summary judgment on the section 523(a)(2)(A) claim in its entirety, the Court finds that deeming the requests admitted may unnecessarily confuse the resolution of this matter at trial.

As for the second prong, Defendant asserts she would be prejudiced by a withdrawal of Plaintiff's admissions because she would incur additional attorney's fees and costs in trying the case and proving the facts previously deemed admitted. However, "[t]he prejudice contemplated by [Rule 36(b)] 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting*, 710 F.2d at 1314 (quoting *Brook Vill. N. Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982) ("The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.")). Although Defendant asserts generally that she would have to obtain more evidence, she does not specify regarding what evidence she would now need to obtain because she relied on the admissions or indicate discovery would need to be reopened to obtain that evidence. As a result, the Court finds that permitting Plaintiff to withdraw its admissions is consistent with Rule 36(b), and the Court will allow Plaintiff's untimely responses to Defendant's requests for admission to serve as its responses.[2]

---

[2] Neither party was timely in responding to discovery in this case as Defendant states she was served with interrogatories and requests for production of documents on November 27, 2012, and responded on January 29, 2013. *See* Fed. R. Civ. P. 33(b)(2)(setting a 30-day time

Defendant also argues summary judgment should be granted based on inconsistencies between the allegations in Plaintiff's complaint and an account statement attached to the complaint. While the statement and complaint do not completely coalesce, the Court does not find that the inconsistencies are such that there are no genuine disputes of material fact and Defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth herein, Defendant's motion for summary judgment is denied. The Court will issue a separate order requiring a joint pretrial order and setting a pretrial conference.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**05/07/2013**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 05/08/2013

---

limit for responding to interrogatories); Fed. R. Civ. P. 34(b)(2)(A)(setting a 30-day time limit for responding to requests for production).